**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Application of

CATALYST MANAGERIAL SERVICES, DMCC

For an Order to Conduct Discovery for
Use in Foreign Proceedings

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  07/27/2016__

Case No.  15 Misc. 408

## ORDER GRANTING APPLICATION FOR
## JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C §1782

THIS CAUSE came before the Court upon the Application of Catalyst Managerial Services, DMCC ("Applicant") for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ("Application"). The Court, having considered the § 1782 Application, the court filings in support of and in opposition to the Application, and the argument of counsel at a hearing held on July 27, 2016, finds as follows:

A. Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

B. For purposes of the instant Application, the following financial institutions, persons, and corporate entities reside or are found in the Southern District of New York: Citibank, N.A.; The Bank of New York Mellon Corporation; Société Générale; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase, N.A.; Barclays Bank PLC; Deutsche Bank Trust Co. Americas; Bank of Nova Scotia; Wells Fargo Bank, N.A., UBS AG, Bank of America, N.A.; Standard Chartered, Commerzbank AG, Royal Bank of Scotland PLC, The Clearing House Payments Company LLC (collectively, "Discovery Targets").

C. The discovery sought through this Application is for use in proceedings pending before a foreign tribunal.

D. The Applicant is an interested person within the meaning of the statute, in its capacity as a litigant.

E.     The discretionary factors, as described by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F.     More particularly, based on the record in this matter, the Court makes the following findings:  (1) the Discovery Targets are not parties in the proceedings in the United Kingdom and are not expected to become parties thereto, thus, the need for this discovery is more apparent; (2) the foreign court would not be unreceptive to U.S. federal court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions, persons, or corporate entities as third parties or parties in litigation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.     The Application is **GRANTED**.

2.     Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

3.     The Applicant's request for leave to conduct document discovery including, but not limited to, leave to serve subpoenas in substantially similar form as the form attached to the Application is **GRANTED**.

4.     Nothing in this Order should be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS SO ORDERED, this 27th day of July, 2016.

2

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE